# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRYAN BREY,

    Plaintiff,

v.

COUNTRYWIDE BANK d/b/a
COUNTRYWIDE HOME LOAN d/b/a
COUNTRYWIDE FINANCIAL, *et al*.,

    Defendants.

Case No. 2:09-CV-01264-KJD-GWF

**ORDER**

    Presently before the Court is Plaintiff's Motion for Reconsideration (#23). Though styled as a letter and docketed by the Clerk's Office as a Motion for a Jury Trial, the letter purports to appeal the Court's Order (#20) under Federal Rule of Civil Procedure 46 and demand a jury trial. The Court, construing the *pro se* pleadings liberally as it must, considers the letter a request for reconsideration of the Court's order dismissing his case. Defendants filed a response in opposition (#24).[1] Plaintiff then filed an untimely Addenda (#30) to his motion, a Correction (#32), and a Request for Judicial Notice (#33) to which Defendants' responded (#34).

---

[1] Plaintiff also filed a Motion to File Electronically (#31) which the Court denies because Plaintiff has not demonstrated good cause for allowing to him to file electronically, especially considering that his case has been dismissed.

The Court's Order (#20) dismissing his case was entered on March 12, 2010.  Plaintiff's motion to reconsider was filed on March 22, 2010.  A Rule 59(e) motion must be filed no later than ten (10) days following entry of the final judgment.  See Fed. R. Civ. P. 59(e).  A motion for reconsideration is treated as a Rule 59(e) motion if it is timely filed within the specified ten-day period.  See Am. Ironworkers & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001).  This motion will be considered under Rule 59(e) since it was clearly filed within the ten-day period.

First, Plaintiff has failed to demonstrate good cause for failing to file his Addendum (#30) in a timely manner.  He also failed to respond to Defendants' Response (#34) which moved the Court to strike the Addendum as untimely and for raising new arguments for the first time in a reply brief.  Therefore, the Court strikes the Addendum (#30), the Correction (#32), and the Request for Judicial Notice (#33).

Next, Plaintiff has failed to raise any issues requiring the Court to reconsider its order.  Reconsideration under Rule 59(e) is appropriate where: (1) the district court is presented with newly discovered evidence or committed clear error; (2) the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law.  See School Dist. No. 1J., 5 F.3d at 1263.  Motions made under Rule 59(e) "should not be granted absent highly unusual circumstances."  389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).  Here, Plaintiff has failed to identify any relevant, newly discovered evidence.  Nor has Plaintiff identified specific grounds, other than his demand for a jury trial, identifying why, other than his disagreement with, the initial decision was manifestly unjust.

Plaintiff failed to demand a jury trial until his case had been dismissed.  Furthermore, the Court found that the facts Plaintiff alleged failed to state a claim upon which a jury could grant relief.  Therefore, Plaintiff failed to move the case past his initial pleading and his right to a trial by a jury was not compromised.  Since Plaintiff has entirely failed to state grounds for relief, the Court must deny his motion for reconsideration.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (#23) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion to File Electronically (#31) is **DENIED**;

IT IS FURTHER ORDERED that the Clerk of the Court **STRIKE** the Addendum (#30), the Correction (#32), and the Request for Judicial Notice (#33).

DATED this 28TH day of May 2010.

_____
Kent J. Dawson
United States District Judge